IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHN THOMAS FISK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 06-3276-CV-S-DW-SSA |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff John Thomas Fisk asks the Court to review the February 13, 2006 decision of the Commissioner of Social Security denying his application for disability insurance benefits and supplemental security income. Plaintiff has exhausted all administrative remedies, and judicial review by the Court is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully examining the record, the Court affirms the administrative law judge's[1] ("ALJ") decision for the reasons set forth below.

**I.      Standard of Review**

On review, the Court's role is limited to determining whether the ALJ's findings of fact are supported by substantial evidence on the record as a whole. Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006). Substantial evidence, though less than a preponderance, must be enough for a reasonable mind to find the evidence adequate to support the stated conclusion. Smith v. Barnhart, 435 F.3d 926, 930 (8th Cir. 2006). The Court considers evidence that supports the ALJ's decision as well as evidence that might contradict the decision. Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006). Even if evidence exists that contradicts the ALJ's decision, the Court must affirm an ALJ's decision that is supported by substantial evidence. Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004). The Court will not "reweigh the evidence or review the factual record de novo." Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994).

---

[1] The Honorable Linda D. Carter

**II. Discussion**

Plaintiff argues that the ALJ erred by: 1) improperly discrediting Plaintiff's testimony, 2) not according controlling weight to Dr. Shoemaker's testimony as a treating physician, 3) incorrectly evaluating Plaintiff's impairments, and 4) incorrectly determining the occupations suitable for Plaintiff's condition. Each of Plaintiff's contentions is addressed below.

A.   Plaintiff's Credibility

Plaintiff argues that the ALJ improperly discredited Plaintiff's testimony regarding the Plaintiff's subjective allegations of pain. The ALJ is permitted to consider "any … relevant evidence in the case record" when evaluating Plaintiff's credibility. SSR 96-7p. In her decision, the ALJ must identify "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. In this case, the ALJ gave specific reasons for discrediting Plaintiff's testimony regarding the extent that Plaintiff's allegedly shaky hands would affect his ability to work, the severity of Plaintiff's GERD-related complaints, the degree of Plaintiff's violent behavior, and whether Plaintiff's self-diagnosis was consistent with his daily activities. (Tr. at 22-23.) After consideration of the record, the Court finds that the ALJ's credibility determination is supported by substantial evidence and is "sufficiently specific to make clear" why Plaintiff's testimony was not taken at face value.

B.   Dr. Shoemaker's Testimony as a Treating Physician

Plaintiff also argues that the ALJ erred by not giving controlling weight to Dr. Shoemaker's testimony. A treating physician's medical opinion must be given controlling weight if the opinion is "'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques" and is "'not inconsistent' with the other 'substantial evidence'" in the record. SSR 96-2p. Even assuming that Dr. Shoemaker is a treating physician (which may not be warranted[2]), there is substantial evidence on the record for the ALJ to conclude that Dr. Shoemaker's opinion was not well-supported and was inconsistent with other evidence in the record. There is no indication that Dr. Shoemaker conducted clinical evaluations or laboratory tests related to any of

---

[2] The ALJ noted that Dr. Shoemaker saw the Plaintiff on only a few occasions and focused primarily, if not exclusively, on Plaintiff's high cholesterol. (Tr. at 23.)

2

Plaintiff's impairments other than high cholesterol. (Tr. at 351-363.) In light of the absence of such evidence, the ALJ concluded that Dr. Shoemaker relied "solely on claimant's subjective complaints regarding his impairments." (Tr. at 23.) To the extent that Plaintiff's testimony is inconsistent with other evidence and therefore discredited, Dr. Shoemaker's opinion may also be found inconsistent with other evidence on the record. Therefore, the ALJ did not err by denying controlling weight to Dr. Shoemaker's opinion.

### C. Severity of Plaintiff's Impairments

Plaintiff contends that the ALJ erred by finding that Plaintiff's gastro-esophageal reflux disease (GERD) and carpal tunnel syndrome were not severe impairments. Whether an impairment is severe is determined at step two of the sequential evaluation process described in 20 C.F.R. § 404.1520. At step two, the ALJ should only find that Plaintiff's impairments are non-severe if they are "slight abnormalities that do not significantly limit any 'basic work activity.'" Bowen v. Yuckert, 482 U.S. 137, 158 (1987) (citations omitted). The Eighth Circuit has described a non-severe impairment as one that "would have no more than a minimal effect on the claimant's ability to work." Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996).

Substantial evidence exists to support the ALJ's determination that Plaintiff's claims of GERD and carpal tunnel syndrome are not severe impairments. The ALJ found only one instance of reported diarrhea on the record, which was attributed to bad pizza[3]. Moreover, the ALJ found that Plaintiff was able to maintain his weight. Plaintiff does not refute the ALJ's finding that the record is devoid of any documentation of continuous GERD-related problems. Rather, Plaintiff simply points to his own testimony, which was properly discredited by the ALJ. As for Plaintiff's allegations related to carpal tunnel syndrome, the ALJ's decision notes that Plaintiff's medical records contain no mention of carpal tunnel syndrome since he was diagnosed in January 2003. Apparently, in the nearly forty doctor visits since January 2003, Plaintiff has not complained of right-arm weakness or his hands shaking, no doctor has noticed his shaking hands, and no doctor has recommended surgery for his carpal tunnel. Plaintiff does not argue that these facts relied upon by the ALJ are incorrect. Rather, Plaintiff simply points to the evidence of prior treatments and Plaintiff's testimony that could support a different conclusion.

---

[3] Plaintiff's brief references one additional instance in which Plaintiff complained of diarrhea on February 22, 2005.

3

When evidence in the record can support two inconsistent conclusions, and one of those conclusions is adopted by the ALJ, the Court should affirm the ALJ's finding. <u>Strongson v. Barnhart</u>, 361 F.3d at 1070. The Court finds that the ALJ's determination that Plaintiff's GERD and carpal tunnel are non-severe is consistent with the governing law and supported by substantial evidence on the record.

Plaintiff also mentions that the ALJ erred by failing to request I.Q. testing to support the finding of borderline intellectual functioning. Plaintiff cites no authority requiring an ALJ to administer an I.Q. test and does not otherwise contradict the facts relied upon by the ALJ. Although the ALJ noted that Plaintiff passed his core subjects in 9th grade and was not enrolled in special education classes, she "[gave] the claimant the benefit of the doubt" and "found that his level of intellectual functioning is 'borderline' and that his functional education is 'marginal'." On these facts, failure to administer an I.Q. test does not constitute error.

### D. Other Work

Finally, Plaintiff argues that the ALJ improperly assessed the availability of other work for which Plaintiff is qualified to perform. More specifically, Plaintiff argues that the ALJ erred by using vague terms in describing the Plaintiff's residual functional capacity (RFC) and that the vocational expert (VE) was not in fact an expert. These claims are without merit. The ALJ's descriptions of Plaintiff's RFC in her order and in the hypothetical question to the VE are as precise as the blunt tool of language will allow. There is no indication in the record that the VE was confused by the ALJ's question. Moreover, during the hearing, Plaintiff made no objection to the question and failed to reveal any misunderstandings on cross-examination. Finally, Plaintiff fails to provide any reason to disqualify the VE as an expert and failed to object to the VE's qualifications at the time of the hearing.

### III. Conclusion

For the foregoing reasons, the Court AFFIRMS the ALJ's decision.

4

Case 6:06-cv-03276-DW   Document 11   Filed 08/17/07   Page 4 of 5

Date: August 17, 2007                                      /s/ Dean Whipple
                                                          Dean Whipple
                                                    United States District Judge